### COPPES BROTHERS AND ZOOK v. PONTIUS.

[No. 11,043. Filed June 29, 1921. Rehearing denied October 4, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Finding.*—*Sufficiency.*—*Finding of Relation of Master and Servant.*—In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp.

1918), the Industrial Board must find that the relation of employer and employe existed or the finding will be insufficient to sustain an award of compensation. p. 300.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.— Questions of Fact.—Relationship of Master and Servant.—* Whether an applicant for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) is an employe or an independent contractor is an ultimate fact to be determined from the evidence, a conclusion to be drawn from the contract itself, the attitude of the parties toward each other, the nature of the work, and all the relevant circumstances, including the intention of the parties. p. 302.

3. MASTER AND SERVANT.—*Injuries to Servant.—Relationship of Master and Servant.—When Question of Law.—When Question of Fact.—*If the evidential facts are undisputed and but one legitimate conclusion can possibly be drawn therefrom, the question whether an injured workman was an employe or an independent contractor is for the court, but, if the evidential facts are disputed, or if reasonable minds might draw opposite conclusions from undisputed evidential facts, then the question is for the jury under proper instructions. p. 302.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Relationship of Master and Servant.—Sufficiency of Evidence.—* One engaged with his own team in hauling logs for another at a specified rate per thousand feet *held* an employe within the terms of §76 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), and not an independent contractor, where the employer had full right to exercise unlimited control and to discharge, although he did not actually exercise the right of control. p. 302.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Ambrose Pontius against Coppes Brothers and Zook. From an award for applicant, the defendant appeals. *Affirmed.*

*Frederick K. Warne* and *Joseph W. Hutchinson,* for appellant.

*Albert B. Chipman,* for appellee.

DAUSMAN, J.—The Industrial Board awarded compensation to the appellee on the ground that he received

an injury by accident while in the service of appellant as an employe.   Appellant contends that the award "is contrary to law for the reason that under the undisputed evidence * * * the relation existing between the parties at the time of the injury was not that of employer and employe but on the other hand the appellee was an independent contractor."   That contention presents the only question for our determination.

One of the facts which the board is required to find in every case where compensation is awarded is that the relation of employer and employe existed.

1.   If that fact be not found, the finding will not sustain the award.   *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196.

The evidence discloses the following facts:   The firm of Coppes Brothers and Zook is engaged in the manufacturing business, and also operates a sawmill, at Nappanee.   George F. Brown has been employed by the firm for at least fifteen years.   His duty is to buy timber, to see that it is cut, and that the logs are hauled and transported to the mill fast enough to keep the mill constantly running.   Acting for the firm, Brown purchased a tract of timber near Akron, Indiana.   Having learned through one Dilsaver that this tract was for sale, Brown felt kindly toward him and gave him the privilege of hauling the logs and loading them on cars at Akron.   He regarded it as a favor to Dilsaver to give him and his boys work throughout the winter. But if Dilsaver did not move the logs as rapidly as they were needed, the firm had the right to put more men at the work.   On one occasion when Brown was at Akron he told Dilsaver that the firm needed the logs, that they were not coming in fast enough, and that Pontius wanted to haul.   Mr. Pontius has a small farm which he cultivates, but when he has spare time he does haul-

ing. Brown called on Pontius and said to him: "I have some timber up here. Would you go up and help Dilsaver haul?" Pontius answered: "I will start in and help as soon as I get my own work done and get straightened up." A week later Dilsaver asked Pontius, "When are you going to commence hauling?" Pontius answered, "I can commence next week." Dilsaver replied "All right. Come on and let's get the logs in." A Mr. Hinsey was "hired" by Brown in the same way. It is a part of Brown's duty "to go out and hire men to haul and load logs." The three men, each furnishing his own team and wagon, hauled logs and aided each other in loading the cars. Coppes Brothers and Zook paid them at the rate of $7 per thousand. An itemized statement of each man's account was made out by the firm and remittances for amounts earned were made usually each week, but sometimes two weeks were included in a remittance. The firm gave no directions as to the manner of doing the work, but left the men free to do the hauling in their own way.

The statute defines "employer" as meaning "any individual, firm, association or corporation * * * using the services of another for pay." It defines "employe" as meaning any "person * * * in the service of another under any contract of hire or apprenticeship, written or implied." §76, Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918). The following is a good definition of independent contractor: "An independent contractor is one who undertakes to produce a given result, but so that in the actual execution of the work he is not under the order or control of the person for whom he does it, and may use his own discretion in things not specified." Pollock, Torts 78.

Whether a person is an employe or an independent contractor is an ultimate fact to be determined from

the evidence. It may be called a conclusion of fact, since it is a conclusion to be drawn from the contract itself, the attitude of the parties toward each other, the nature of the work, and all relevant circumstances. The intention of the parties is, of course, to be considered. Because it is a conclusion of fact there is confusion in the cases; and for the same reason, however persuasive precedents may be, they are not controlling. The courts have recognized a number of tests which are valuable in determining the ultimate fact; but it is universally conceded that none of them is infallible. If evidential facts are undisputed and but one legitimate conclusion can possibly be drawn therefrom, the question is for the court; but if evidential facts are disputed, or if reasonable minds might draw opposite conclusions from undisputed evidential facts, then the question is for the jury under proper instructions. *Young* v. *Lumber Co.* (1908), 147 N. C. 26, 60 S. E. 654, 16 L. R. A. (N. S.) 255; *Richmond* v. *Sitterding* (1903), 101 Va. 354, 43 S. E. 562, 65 L. R. A. 445, and notes; 26 Cyc 1546 *et seq.*; 14 R. C. L. 66 *et seq.*

In the case at bar the appellee had not contracted to do a definite piece of work as an entirety. While the appellant did not actually exercise any control over the appellee, the clear inference is that it had the right to exercise unlimited control, had it seen fit so to do. The appellant was free to discharge the appellee at any time, and was free to employ as many other men and teams to haul logs from the same woods as it might desire. Without further elaboration, we are of the opinion that the conclusion drawn from the evidence by the Industrial Board is legitimate.

The award is affirmed.