## REESE v INDUSTRIAL COMMISSION

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15479.  Decided Dec 23, 1936

P. E. Stearns, Cleveland, for plaintiff-appellee.

John W. Bricker, Attorney General, Columbus, Donald W. Hornbeck, Cleveland, and W. R. Price, Cleveland, for defendant-appellant.

## OPINION

By LEVINE, J.

Plaintiff, Alexander Reese, was sent by an employment bureau to the private residence of one Samuel Kramer, for the purpose of washing walls. He worked at the home for five days and on the sixth day he fell from a scaffold and suffered injuries to his back. The injury and disability is not denied but the Industrial Commission of Ohio held that he is not entitled to compensation for the reason that he was not an employe of Mr. Kramer within the meaning of the compensation act.

The only question before us, therefore, is whether or not Reese is to be regarded as an employe within the compensation act. Mr. Kramer, in whose home this plaintiff was employed and injured, was engaged in the retail shoe business and he also owned and operated a number of apartment houses.

In his other ventures he was unquestionably an employer within the meaning of the compensation act. Reese cannot claim the benefit of an employment connected with either the shoe business or the apartment houses operated and conducted by Mr. Kramer. His work was solely domestic as it involved the washing of walls and ceilings in and about the private home of Mr. Kramer.

It appears from the record that Mr. Kramer made application to the Industrial Commission for Workmen's Compensation coverage and that his periodic payroll reports included two separate payroll classifications: (1) apartment house employees, (2) domestic help. It appears further that Mr. Kramer employed a maid and that he reported a payroll for domestic service of $12.00 a week. In making his report to the Industrial Commission he made one report which included wages of persons working at the apartment houses and also the maid's wages. He paid two different rates of premiums for the two different classifications. In reporting the payroll for domestic help he confined the report entirely to the wages paid to the maid and also the expense of her upkeep.

A study of the Workmen's Compensation law reveals that employers subject to the provisions of the act may be either under the compulsory provisions of same or the elective provisions of same. §1465-60-61 GC deal with the compulsory provisions. It provides that every person, firm or private corporation * * * that has in service three or more workmen or operators regularly in the same business, in or about the same establishment, under any contract of hire, express or implied, oral or written, is subject to the provisions of the Act. These sections deal with what we term for convenience "compulsory state insurance."

Sec 1465-71 GC provides:

"Any employer who employs less than three workmen or operatives regularly in the same business, or in or about the same establishment, who shall pay into the State Insurance Fund the premiums provided by this act, shall not be liable to respond in damages at common law or by statute, save as hereinafter provided, for injuries or death of any such employes, wherever occurring, during the period covered by such premiums, provided the injured employee has remained in his service with notice that his employer has paid into the State Insurance Fund the premiums provided by this act; the continuation in the service of such em-

ployer with such notice shall be deemed a waiver by the employe of his right of action as aforesaid."

This section deals with employers who are not compelled to pay into the state insurance fund but elect to pay into the same in order to get the benefits and protection of the Workmen's Compensation Act.

We are of the opinion that once an employer elected to pay into the State Insurance Fund he becomes subject to provisions of the Act. One cannot claim benefits without assuming obligations. By his contract with the state he entered into a relationship where the benefits as well as the burdens devolving upon the subscriber apply to him. By electing to subscribe to the state insurance fund he gained the protective features of the act. He must likewise be said to have assumed its burdens. He reported a payroll for domestic help. It became his duty to report the entire payroll so as to protect all persons doing work in and about the house in addition to the domestic servant. The employer's failure to so report does not affect the rights of the employee to claim the benefits of the Workmen's Compensation Act.

Sec 1465-72 GC provides:

"The state liability board of awards shall disburse the state insurance fund to such employees of employers as have paid into said fund the premiums applicable to the classes to which they belong, who have been injured in the course of their employment, wheresoever such injuries have occurred, and which have not been purposely self-inflicted or to their dependents in case death has ensued."

The section is couched in general language and applies to all employees of employers who have paid into the fund whether the payment was made under the compulsory provision or the elective provision of the act.

A further claim is made by the Industrial Commission that Alexander Reese was merely a casual employe and as such is expressly excepted from the benefits of the Act.

In the case of **State ex Bettman v Christian, 128 Oh St 56**, the Supreme Court laid down the rule as to what constitutes regular employment as distinguished from casual employment. We quote the following:

"1. **Secs 1465-60 and 1465-61 GC** are in pari materia and must be construed together.

"2. Workmen are regular employees, within the purview of §§1465-60 and 1465-61 GC, so long as they are hired to do work in the usual course of the trade, business, profession or occupation of the employer.

"3. In order that a person's employment shall be deemed to be in the usual course of the trade, business, profession or occupation of the employer, it must be employment for work of the kind required in the business of the employer and it must be in conformity to the established scheme or system of the business. Such scheme or system comprehends the nature of the enterprise, its organization, its personnel requirements and its methods of operation. The time for which such employment has continued is not controlling."

If Reese had not been hired to do the work of cleaning walls, the task would have necessarily fallen upon some member of the household or upon the maid. It was, therefore, an employment in conformity to the established scheme of running a household.

A further claim is made by the Industrial Commission that the payroll for domestic help furnished by Mr. Kramer and the premiums paid by him based upon such payroll did not include any other employee except the domestic servant. In our opinion once the employer by his own election becomes a subscriber to the state insurance fund his failure to make a full report or to pay a sufficient premium does not change the status of the employee to the state insurance fund. There are remedies provided by law against employers who do not pay sufficient premiums or who do not report sufficient payrolls.

The case of State ex Davis v Industrial Commission of Ohio deals with this subject. On page 373 of the opinion the court held that the various sections of the Industrial Compensation Act show a legislative purpose to protect the employe of an employer employing five or more workmen where the employer has not complied with the workmen's compensation law. We add to it by saying that the employer in the case at bar, having elected to pay into the insurance fund and having thereby gained the benefits of the compensation act, is subject to the same rule applicable to the compulsory payment into the insurance fund as the benefits and the burdens go together.

We find no error in the decision of the Common Pleas Court and the case is affirmed.

TERRELL, J, concurs in judgment.
LIEGHLEY, PJ, dissents.