DICHNER v. INDIANA JOBBING COMPANY.

[No. 18,659. Filed April 19, 1955. Rehearing denied May 26, 1955. Transfer denied November 15, 1955.]

*C. A. Huff* and *O. B. Hanger,* both of Indianapolis, for appellant.

*James V. Donadio* and *Geoffrey Segar,* and *Ross, Mc-Cord, Ice & Miller* (of counsel), all of Indianapolis, for appellee.

KENDALL, J.—This is an appeal from an award of the Industrial Board, one member not concurring, denying appellant compensation under the provisions of the Indiana Workmen's Compensation Act. It is appellant's contention that he was injured while in the course of his employment as an employee of appellee company.

The Board found that at the time the appellant was injured he was performing the duties of an independent contractor, and, therefore, was not within the provisions of the Workmen's Compensation Act, §40-1201, et seq. Burns' 1942 Revision.

The assignment of error is that the award is contrary to law.

The sole question for determination is whether there is any evidence to support the finding and award of the Industrial Board. This question is not a new one for this court. In determining it, we are guided by various criteria in determining whether or not appellant was an employee or independent contractor, the key test being whether the hiring party had the right to control the manner and method of doing the particular job that he had been engaged to do.

The evidence in this case disclosed that the appellant was by profession a carpenter; that his usual method of working was by the hour; that for the particular job in question, he was contacted by one of the partners of appellee company to remove a stairway in appellee's building; that appellant told the partner that he could not do that particular work at that time but would

shortly thereafter; that within a few days, he went to appellee company's building where he talked with another partner who gave him instructions as to what the company wanted done and the manner of removing a stairway. Appellant testified that he was to get Two dollars and fifty cents ($2.50) per hour.

The evidence was uncontradicted that the appellant had done other carpentry work for appellee on about ten different occasions during the past four to five years; that he always worked on an hourly basis as the appellee company trusted him; that he kept a record of his time and was paid accordingly; that on some jobs he had helpers upon whom he carried workmen's compensation, but no helpers were engaged on this particular job; that he usually worked eight hours a day—sometimes more, sometimes less; that he put in whatever time he could. There was evidence that if he wanted to go home at 10:00 and come back at 3:00 he could do so; that on this occasion he was told what appellee wanted done and that, in pursuance of the instructions given, he then followed out his trade as a carpenter and determined how best to do the particular job; that this was the same method used throughout his entire working experience for appellee company.

The evidence is uncontradicted that the appellant owned and used his own tools; that appellant would tell appellee when and what materials to order for the job. As to who had the right of control of the method in which the job was performed is best explained by the testimony of the appellant who answered the following questions:

"Q: And, you would decide how it was done and you're a skilled carpenter?
"A: Yes, I could decide how it would be done, or, naturally, they would have to tell me what they wanted, how to do it, it was up to me. . . .

"Q: That he wanted the stair—Kelly told you he wanted the stairway moved from one place to another?

"A: That's right.

"Q: And, then in your trade as a carpenter you were able to determine how you were able to do that?

"A: That's right.

"Q: And, you made that determination and set about doing it?

"A: That's right."

The manager of the appellee company testified as follows:

"Q: Now, did you just permit him to go ahead and do the work using his own method and knowledge or did you supervise his work and use your methods and knowledge?

"A: He used his own methods and knowledge."

The evidence shows that the appellant was engaged in doing a certain job—that of removing a stairway. There was some evidence that he did make some displays for wall cabinets in the basement; that when the job was completed, he would not be recalled until appellee's need existed again.

The question arises, "What did appellee contract for—was it the personal services of appellant or was it the remodeling and removing of the stairway?"

There is evidence of probative value to support the Board's finding that appellant came within the class of an independent contractor in view of past decisions of the Supreme Court. We cannot overlook the general pattern that had been established between the particular parties over a period of four to five years for doing carpentry work on substantially identically the same terms. Here the appellant came to this particular job when the time suited him; when the

job was completed, he sought other work; at his choosing, he could go and come when he pleased. Under these conditions, it cannot be said that appellant was acting as a servant of appellee to do certain work as directed, but to the contrary, he was in the business of doing carpentry work for anyone who had the need of his services.

This court on review can only look at the evidence most favorable to the appellee. The general rule is that when the facts are in conflict, the question of whether a workman is an employee or an independent contractor is a question of fact for the Industrial Board to determine. The latest pronouncement of the Supreme Court, by which this court is bound, is the case of *Clark* v. *Hughey* (1954), 233 Ind. 127, 117 N. E. 2d 360, in which the Supreme Court held that the question of whether a particular workman is an employee or independent contractor is ordinarily one of mixed law and fact. In that case, the court reaffirmed the general rule that the Industrial Board is the trier of the facts, and its decision on any question of fact is binding upon this court upon appeal. *Nash* v. *Meguschar* (1950), 228 Ind. 216, 91 N. E. 2d 361; *Gibbons* v. *Henke* (1940), 108 Ind. App. 481, 29 N. E. 2d 995; *Small's Workmen's Compensation Law of Indiana*, §4.2, p. 65.

Considering the evidence, we are of the opinion that the appellant's type of work comes within the definition of what constitutes an independent contractor as stated in 27 Am. Jur., §2, p. 481, which is:

"Perhaps one of the most frequently quoted" (definition) "is to the effect that an independent contractor is one who, in exercising an independent employment, contracts to do certain work according to his own methods, and without being subject to the control of his employer, except as to the product or the result of

his work. An independent contractor has also been defined as one who carries on an independent employment, in pursuance of a contract by which he has the entire control of the work and the manner of its performance; as one who contracts to do a specific piece of work furnishing his own assistants, and executing the work in accordance with either entirely his own ideas or a plan previously given to him by the person for whom the work is done, . . ."

"An employee may be described as one in the service of another in the regular course of the other's business." *Small's Workmen's Compensation Law of Indiana*, §4.2, p. 64.

The difference between an independent contractor and a servant is not to be determined solely by the pretension of a certain kind or degree of supervision by the employer. To the contrary, it is determined by the contract as a whole, by the essence and the spirit thereof. Taking the negotiations between the parties herein as a whole, the evidence is sufficient to show that the appellant was employed by appellee to remove the stairway as an independent contractor and thus the evidence supports the finding of the Board. *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365.

We cannot overlook the fact that the parties' agreement provided for a result to be accomplished by the appellant, which result was left to the appellant to be accomplished by the result of his own means and methods as a result of his experience of many years in his particular trade. It is well settled that where one lets a contract to another to do a particular job, reserving to himself no control over the work, except the right to require it to conform to a standard when completed, does not in itself constitute the employer-employee relationship.

Appellant argues further that the fact the manager

of the appellee company testified that he considered appellant an employee is binding upon this court in determining the question of the relationship between the parties. The manager also testified he did not know technically the difference between the meaning of an independent contractor or an employee. Such testimony is in the nature of a conclusion since it is directed at one of the vital issues for the Board itself to determine. That question is one to be determined by the Board from all the facts and the evidence presented to it for determination. *St. Mary's Congregation* v. *Industrial Comm.* (1953), 265 Wis. 525, 62 N. W. 2d 19.

Under the evidence presented, we cannot say that the evidence leads inescapably to the fact that appellant was an employee. We believe the case of *Clark* v. *Hughey, supra,* is controlling and that the finding of the Board is supported by sufficient evidence and is not contrary to law.

Award is affirmed.

NOTE.—Reported in 125 N. E. 2d 805.