CRABILL *v.* LIVENGOOD.

[No. 20,766. Filed December 28, 1967. Rehearing denied May 10, 1968. Transfer denied November 13, 1968.]

*William H. Deniston,* of Rochester, and *Stevens, Wampler, Travis & Feagler,* of Plymouth, for appellant.

*Chipman, Chipman & Rakestraw,* of Plymouth, for appellee.

PRIME, J.—Action by the appellant Crabill against the appellee Livengood for damages for injuries sustained in an automobile collision.

There was an original and amended complaint and in both a contractual relationship involving the automobile trip was alleged.

The automobile was owned and driven by the appellee and the appellant was a passenger. A collision occurred at an intersection with a second car which is not involved in this appeal.

The issues were formed by the complaint and a motion to dismiss for lack of jurisdiction filed by the appellee. The motion to dismiss alleged that the appellant was the employee of the appellee and thus the matter was one to fall under the Indiana Workmen's Compensation Law.

The court conducted a trial on the issues set out and found that the motion to dismiss should be granted and rendered judgment accordingly by dismissing the action.

The appellant filed objections to the judgment of dismissal and a motion for new trial, the grounds of which were insufficient evidence and that the decision was contrary to law.

The court overruled the motion and this action is the error assigned.

The facts set out in this case are that the appellee had contracted with the appellant for a series of flying lessons. The appellant was a former flyer in the war and had been giving private lessons for various persons for several years. The appellee used a plane which was owned by his employer

and was given several lessons by the appellant. On the day of the accident, the defendant-appellee was in Mentone, Indiana. He called the plaintiff in Rochester, Indiana, and asked him if he would fly the plane from Rochester Airport, where it was at the time, to Mentone and stated that he would drive him back home to Rochester in his car. The appellant flew the plane to Mentone as requested. He gave the appellee a one-half hour flying instruction for a fee of $2.50. At about 3:30 P.M. they got into the appellee's car and proceeded to drive to Rochester. On the way home the accident occurred at a cross road intersection. The appellant suffered injuries for which he asked money damages from the appellee.

We are thus confronted with the sole issue of the relationship between the two parties. If the appellant was an employee of the appellee the court below would have no jurisdiction to hear this action. If the appellant was an independent contractor or a casual employee the court should retain jurisdiction.

Though courts have refrained from defining "casual employment," the test in each particular case is whether service rendered or work done, rather than the contract of hiring, is of casual nature; infrequency of employment or its duration being immaterial.

A workman is a "regular employee" if hired to do work in the usual course of trade, business or occupation of employer.

*State ex rel. Bettman* v. *Christen* (1934), 190 N. E. 233, 128 Ohio St. 56; *Reese* v. *Industrial Commission of Ohio* (1936), 8 N. E. 2d 567, 55 Ohio App. 76.

Work is "casual" when not permanent nor periodically regular, but occasional, and not in the usual course of employers trade or business; the kind of work done and not the duration of service is the determining factor.

*Sears Roebuck* v. *Pixler* (1939), 192 So. 617, 620, 140 Fla. 677.

Employment must be casual and not in usual course of employers business to bring it within class of "casual employ-

ment." *Barker* v. *Eddy* (1933), 97 Ind. App. 94, 185 N. E. 878, 880.

An employment is casual when not in usual course of employers trade or business. *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90; *Petzold* v. *McGragar* (1931), 92 Ind. App. 528, 176 N. E. 640; *Allen* v. *Kraft Food Co.* (1948), 118 Ind. App. 467, 76 N. E. 2d 845; Small, *Workmen's Compensation Law of Indiana,* Sec. 4.2 p. 64.

The courts have generally refrained from laying down a definition of "casual" and "independent contractor." Each case must be decided on its own set of facts. We will not attempt here to define the terms except to say that there are certain fundamental guide lines which have been used throughout the years.

1. An independent contractor has the control of the method and details of the task and is answerable to the principal as to results only.

2. The employment must be in the usual course, trade or business of the employer to constitute the status of employee.

When we follow these guidelines we come to the conviction that the appellant here was not the employee of the appellee and was operating independently. The appellant, a flying instructor, in our opinion had control of the plane and its operation and certainly the employment was not in the usual course of business of the appellee.

We take no position here as to the question of the alleged contract between the parties or what the ultimate disposition or interpretation may be placed upon it. We only decide the status of the parties on the issue of jurisdiction.

The court erred in dismissing the case and the judgment of dismissal is reversed with instructions to reinstate the case for further proceedings not inconsistent with the opinion.

Judgment reversed.

Carson, C. J., Cooper, J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 231 N. E. 2d 854.