George H. DOWNHAM and Elizabeth A. Downham, Defendants-Appellants,

v.

Frank W. WAGNER and Catherine Wagner, Plaintiffs-Appellees.

No. 2–280A54.

Court of Appeals of Indiana, First District.

Aug. 19, 1980.

Rehearing Denied Sept. 24, 1980.

608

Frank E. Tolbert and Kim S. Walker, Miller, Tolbert & Wildman, Logansport, for defendants-appellants.

Julian L. Ridlen, Smith & Ridlen, Logansport, Courtney B. Justice, Delphi, for plaintiffs-appellees.

NEAL, Judge.

Defendants-appellants George H. and Elizabeth A. Downham appeal an adverse judgment for personal injury and loss of services in favor of plaintiffs-appellees Frank W. and Catherine Wagner.

We affirm.

Eleven alleged errors are submitted for review; we have consolidated them as follows:

I. Whether the court of origin erred in granting a change of venue from the county;

II. Whether the verdicts of the jury are sustained by sufficient evidence of negligence and proximate cause;

III. Whether the plaintiffs' exclusive remedy was under the provisions of the Workmen's Compensation Act, and whether the trial court erred in refusing to give defendants' instruction No. 4 relative to that question;

IV. Whether the trial court erred in giving plaintiffs' instruction No. 1 relative to duties imposed under the Occupational Safety and Health Act; and

V. Whether defendant George H. Downham was an agent of his wife, defendant Elizabeth A. Downham.

## DISCUSSION AND DECISION

*Issue I. Change of venue.*

■ This cause originated in the Carroll Circuit Court. More than ten days after the issues were first closed, thus after the time when they could take a change of venue without demonstrated cause, the plaintiffs filed a motion for a change of venue under Ind.Rules of Procedure, Trial Rule 76(8), which alleged as grounds convenience of counsel. It was not verified by the plaintiffs personally, but by counsel, and did not state when the cause for change was first discovered. It was, therefore, clearly inadequate. The Carroll Circuit Court set the motion for hearing. The record recites the following:

"Hearing is had on plaintiffs' motion for change of venue from the county, and now, with the agreement of the parties, said motion is granted."

Thereafter the court listed counties, the parties struck, and the cause was venued to Cass County. The record discloses no objections by the defendants to the change of venue proceedings. By failing to object and by consenting to the change of venue, the defendants have waived any error in that regard. *Marsh v. Lesh*, (1975) 164 Ind.App. 67, 326 N.E.2d 626.

*Issue II. Whether the verdicts of the jury are supported by sufficient evidence of negligence and proximate cause.*

The evidence most favorable to the judgment is as follows: Plaintiff Frank W. Wagner was engaged by the defendants to help renovate an obsolete barn to accommodate modern farm machinery. Part of the job required the removal of 11' × 10' sliding doors which were hung from a track. Frank and defendant George H. Downham worked together on this project. They took the doors from the track, leaned them against the barn, maneuvering the bottom of the doors out from the wall about 30", and, in the words of plaintiff, to a point "where we both figured it would be safe." While George was moving the next-to-last door into a storage place by means of a tractor, gusting wind blew the last door onto Frank and injured him.

The doors on the opposite side of the barn from the removed doors had been open all day. The wind had come up during the day, and George had considered quitting at one time but went ahead with the work. Earlier the doors, upon removal, had been braced by the tractor to keep them from

falling. In times past wind had blown these large doors off the track, and the doors had then been secured by concrete blocks on each end to keep them from blowing out. There was evidence that George knew the wind blew through and around the barn with considerable effect on the large surfaces of the doors, and the evidence does not disclose that Frank shared this knowledge.

The pretrial order indicates that the case was tried upon the alleged negligence of the defendants in failing to warn Frank of the danger of the door falling on him, failing to secure the door or brace it, and failing to keep the premises in a safe condition.

■ The standard of review in appeals questioning the sufficiency of the evidence is firmly established. We will neither weigh the evidence nor judge the credibility of the witnesses, but will affirm the judgment if supported by evidence of probative value. Our role is limited to an examination of the evidence most favorable to the judgment of the trial court and the reasonable inferences that flow therefrom. *Foreman v. State ex rel. Department of Natural Resources,* (1979) Ind.App., 387 N.E.2d 455.

■ Little discussion or citation of authority is necessary to demonstrate that the owner and occupier of property owes an invitee the duty of keeping a property in reasonably safe condition. That duty includes warning an invitee of latent or concealed perils such as are not known to the person injured. The status of the invitee is created by his entering the premises with the occupant's express or implied invitation to transact business or to perform some act which is to the commercial advantage of the occupant. *Mullins v. Easton,* (1978) Ind. App., 376 N.E.2d 1178. A contractor and his employees are invitees, *Rink v. Lowry,* (1906) 38 Ind.App. 132, 77 N.E. 967; thus, it cannot be seriously argued that Frank Wagner did not attain invitee status.

■ The event causing the injury was the wind blowing on the large surface of the heavy door and toppling it over onto Frank. There is evidence that George was familiar with the effect of the wind, blowing through and around that barn, upon the doors, but he did not warn Frank nor take steps to secure them. The record does not disclose plaintiffs' knowledge of this. We are of the opinion that there was sufficient evidence of probative value to support the jury's determination.

*Issue III. Whether the plaintiffs' exclusive remedy was under the provisions of the Indiana Workmen's Compensation Act, and whether the court erred in refusing to give the defendants' instruction No. 4 relative to that question.*

■ Under this heading the defendants argue that the plaintiff is an employee, and therefore his remedy is under the Workman's Compensation Act, Ind.Code 22–3–1–1 *et seq.* Where the injured party is an employee, the exclusive remedy is a proceeding before the Industrial Board. Ind. Code 22–3–2–6. However the act does not apply to casual laborers, farm and agricultural employees, or domestic servants. Ind. Code 22–3–2–9. Nor does the act apply to independent contractors. *Crabill v. Livengood,* (1967) 142 Ind.App. 624, 231 N.E.2d 854.

The proceedings disclose that the defendants raised the issue of employment status in their answer, stating that the trial court had no jurisdiction, and in a motion for summary judgment, which was overruled. In the pretrial order, jurisdiction was conceded but the defendants listed as a contested issue of fact the employment status of plaintiff Frank W. Wagner. The issue was raised again at the close of the plaintiffs' evidence by a motion for judgment on the evidence, and later yet, by a tendered instruction.

■ The issue of whether a person engaged for services is an employee or a contractor is jurisdictional. In *Crabill, supra,* 142 Ind.App. at 626, 231 N.E.2d at 855, the court stated:

"We are thus confronted with the sole issue of the relationship between two parties. If appellant was an employee of

appellee, the court below would have no jurisdiction to hear this action. If the appellant was an independent contractor or a casual employee the court should retain jurisdiction."

The employment status issue was similarly framed in *Harshman v. Union City Body Company,* (1938) 105 Ind.App. 36, 13 N.E.2d 353. There the court based its jurisdictional ruling on Ind.Code 22–3–2–6, which made the Workmen's Compensation Act the exclusive remedy for an injured employee.

▮ Where there is a lack of jurisdiction of the subject matter in trial court, that question may be raised at any time before final decision. Where such lack of jurisdiction is apparent but not raised by a party, it is the court's duty *sua sponte* to raise and determine it. *Wedmore v. State,* (1954) 233 Ind. 545, 122 N.E.2d 1; *Decatur REMC v. PSC,* (1971) 150 Ind.App. 193, 275 N.E.2d 857; *Keller v. Reynard,* (1967) 140 Ind.App. 468, 223 N.E.2d 774. Subject matter jurisdiction cannot be waived nor conferred by agreement. *In re City of Fort Wayne,* (1978) Ind.App., 381 N.E.2d 1093. The rule applies not only to general subject matter jurisdiction involving the authority of the court to determine the kind of case in question but also the specific jurisdictional averments necessary to maintain the particular proceedings. *Squarcy v. Van Horne,* (1975) 163 Ind.App. 64, 321 N.E.2d 858.

The defendants allege as error the trial court's refusal to give their instruction No. 4, informing the jury that if they found that Frank Wagner was an employee of the defendants, his sole and exclusive remedy would be under the Workmen's Compensation Act, and in that event they should return a verdict for the defendants. Whether the trial court's refusal to give instruction No. 4 is error depends upon whether the determination of status of plaintiff as an employee or otherwise is a jury question.

▮ The determination of jurisdiction is a matter for the trial court and not the jury. 21 C.J.S. *Courts* § 112 (1940). *See also* 7 I.L.E. *Courts* § 6 (1958). Our research has disclosed no Indiana authority which directly addresses the issue of jury determination of jurisdiction or jurisdictional facts. However, the ready inference to be gleaned from the authorities on jurisdiction cited above is that the court considers jurisdictional facts and determines subject matter jurisdiction, not the jury. This arises from the statement that jurisdiction over the subject matter can neither be conferred by agreement nor waived. Further, it can and should be raised and determined by the trial court or Court of Appeals *sua sponte.* Finally, it is settled law that when lack of subject matter jurisdiction appears, the court has no further power in the case except to dismiss it. *Overpeck v. Dowd,* (1977) Ind.App., 364 N.E.2d 1043, modified, 368 N.E.2d 1175. These are manifestly court, and not jury, functions.

This concept is also apparent in Ind.Rules of Procedure, Trial Rule 12. T.R. 12(B)(1) reads:

"(B) Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion:

(1) Lack of jurisdiction over the subject-matter[.]"

T.R. 12(D) provides as follows:

"(D) Whether made in a pleading or by motion, the defenses specifically enumerated (1) to (8) in subdivision (B) of this rule, and the motion for judgment on the pleadings mentioned in subdivision (C) of this rule *shall,* upon application of any party or by order of court, be *determined before trial* unless substantial justice requires the court to defer hearing until trial." (Emphasis added.)

▮ Our reading of the above authorities and T.R. 12(B)(1) and T.R. 12(D) leads us to the conclusion that the determination of jurisdiction, whether based upon a factual determination or whether based upon law or both, is the sole prerogative of the court and is not a question for the jury.

Thus it follows that the trial court's refusal to submit this question of jurisdiction of the subject matter to the jury by giving defendants' instruction No. 4 was not error.

■ We are of the opinion that the proper manner of determining the jurisdictional question, as stated in T.R. 12(D), is by pretrial hearing. This was the procedure followed in *Crabill, supra.* We are not unaware of *Yuhasz v. Mohr,* (1974) 159 Ind. App. 478, 307 N.E.2d 516, wherein, *by agreement,* the parties submitted the case to a jury for the sole purpose of determining the contractor or employee status. The issue, as presented here, was not litigated or discussed.

Further, when the trial court denied defendants' motion for summary judgment on the issue of jurisdiction, proceeded with the case, denied defendants' motion for judgment upon the evidence, and refused defendants' tendered instruction No. 4, it necessarily decided that defendant was not an employee within the context of the workmen's compensation laws and that the trial court had jurisdiction. 21 C.J.S. *Courts* § 113.

■ At this point it is necessary to review the facts and the law relating to the determination of Frank's employment status. Plaintiff Frank W. Wagner was a retired carpenter, engaged solely for the purpose of renovating the defendants' barn; his was not a continuing, open-ended employment. He had never been a full-time employee of the defendants. His compensation was set at $5 per hour. He furnished his own hammers, nails, power saws, power drills, and other equipment. He ordered, delivered, and paid for necessary lumber. He ordered the new overhead doors. No federal or state taxes or social security was withheld from his pay. He was paid in two installments of $900 and $500. He had previously done two or three repair jobs for the defendants which included carpentry and painting. The defendants were not carpenters. The work did not commence until it was convenient for George. Frank was paid more than his hours indicated. He went back a year after the injury to help

complete the job. The defendants testified that they relied upon Frank's professional judgment since "he was the contractor."

The defendants rely almost entirely upon *Heffner v. White,* (1942) 113 Ind.App. 296, 45 N.E.2d 342. This involved an appeal from an award granted by the Industrial Board, and the facts were very similar to those in the case at bar. The court held that the claimant was an employee. However, there are later cases upon the subject, and *Heffner* is not necessarily controlling. Selectively, some of the cases will be considered below.

In *Meridith v. Northern Indiana Cooperative Association,* (1956) 126 Ind.App. 558, 132 N.E.2d 267, an appeal from the Industrial Board, the court, in determining that the plaintiff was a contractor relied upon the following facts: The plaintiff was a painter by trade, gave an estimate, started work at his own convenience, and was paid by the hour. The defendant furnished paint; the plaintiff furnished equipment and tools. The plaintiff decided when and how to paint. He was not paid until he finished the job, but was paid by payroll check and taxes and social security were withheld, and he was paid a Christmas bonus. A like result was reached in *Dichner v. Indiana Jobbing Company,* (1955) 125 Ind.App. 696, 125 N.E.2d 805, also an appeal from the Industrial Board. There the claimant was a professional carpenter who was hired and paid by the hour to remodel a staircase. He commenced at a time convenient to himself, worked as he pleased, recorded his hours, and determined the best way to get the job done. He owned and used his own tools, and told defendant what kind of materials to order for the job. On ten previous occasions he had performed similar jobs for defendant. *See also Clark v. Hughey,* (1954) 233 Ind. 134, 117 N.E.2d 360.

As stated in *Meridith, supra,* 126 Ind.App. at 561, 132 N.E.2d at 269,

"An examination of the cases demonstrate [sic] that no exact rule can be stated which will determine this question.

In the final analysis it seems each case must rest upon its own peculiar facts and circumstances. Perhaps the most important test is power to direct and control the means, manner, and method of performance."

See also Small, *Workmen's Compensation Law of Indiana* § 4.2. The court in *Dichner, supra,* 125 Ind.App. at 700, 125 N.E.2d at 806, posed the question as follows: "What did appellee contract for—was it the personal services of appellant or was it the remodeling and removing of the stairway?" *Clark, supra,* described the determination as a mixed question of law and fact.

We are of the opinion that there was sufficient evidence to support the trial court's determination that Frank W. Wagner was a contractor and that the trial court had jurisdiction of the subject matter.

*Issue IV. Whether the trial court erred in giving plaintiffs' instruction No. 1, relative to duty imposed under the Occupational Safety and Health Act.*

The record discloses that the defendants' objections to the instructions were dictated to the court reporter after the jury had retired and after the verdict had been rendered. Ind.Rules of Procedure, Trial Rule 51(C) provides as follows: "No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

■■■ Defendants argue that the objections dictated were merely a reiteration of their objections made to the trial judge at the time of the settling of the instructions. The rule contemplates that objections to instructions shall be either written or dictated to the court reporter, not otherwise. Defendant cannot claim error in this regard.

*Issue V. Whether defendant George H. Downham was an agent of his wife, defendant Elizabeth A. Downham.*

The defendants were husband and wife of 25 years standing. The barn in question stood on property inherited by George and the title stood in his name alone. The defendants owned other land purchased by them as tenants by the entirety. They shared the income and expenses of the farm and held a joint bank account. Elizabeth worked on the farm and participated in the management. She was present at the first discussion with Frank concerning the renovation of the barn and continued to be involved in the project. She had written the checks in payment for Frank's previous efforts. Frank considered himself to be working for both defendants. At no time did she object to the engagement of the plaintiff and, as a matter of fact, she ratified her husband's actions with regard thereto from the witness stand. George and Elizabeth testified that they operated the farm as a family unit, and George maintained that they both owned the property upon which the barn was located.

■■■ The defendants cite authority which stands for the proposition that marriage, or co-tenancy, alone will not create an implied agency relationship. *Heffner, supra; Roper v. Cannel City Oil Company,* (1918) 68 Ind.App. 637, 121 N.E. 96. This is undoubtedly true. However, a husband may act as an agent for his wife. The marriage relationship is but one factor to be considered in determining the question of agency. The relationship of agency between a husband and wife is governed by the same principles which would apply to other agencies. *Roper, supra; Pierce v. Horvath,* (1968) 142 Ind.App. 278, 233 N.E.2d 811. If a husband and wife are engaged in a joint enterprise, agency will attach. *Pierce, supra.* In the latter case the court held that the fact that a husband was driving his wife to work in her car was sufficient evidence of agency to go to the jury. The court said that agency may arise by implication and be shown by circumstantial evidence. Further, a wife may ratify her husband's unauthorized act and be bound. *Lichtenberger v. Graham,* (1875) 50 Ind. 288.

■■■ We are of the opinion that there was sufficient evidence of agency, and it was properly submitted to the jury.

For the reasons stated hereinabove, the judgment is affirmed.

Affirmed.

ROBERTSON and YOUNG (participating by designation), P. JJ., concur.