**MORGAN DRIVE AWAY, INC.,**
Appellant (Defendant Below),

v.

**Marion R. BRANT, Appellee**
(Plaintiff Below).

No. 3–1284A339.

Court of Appeals of Indiana,
Third District.

July 3, 1985.

Rehearing Denied Aug. 7, 1985.

Richard W. Morgan, Lynn C. Tyler, Barnes & Thornburg, South Bend, for appellant.

Timothy W. Woods, Jones, Obenchain, Ford, Pankow & Lewis, South Bend, for appellee.

HOFFMAN, Judge.

Defendant-appellant Morgan Drive Away, Inc. (Morgan) appeals an adverse judgment entered in favor of plaintiff-appellee Marion Brant (Brant). A jury determined that Brant was wrongfully discharged in retaliation for filing a lawsuit against Morgan wherein he sought payment for services performed. The jury awarded Brant both compensatory and punitive damages.

The facts relevant to this appeal show that Brant transported mobile homes, and performed services preparatory to and subsequent to such transportation, for Morgan over a period of approximately ten years. Brant performed the services pursuant to a series of equipment contracts utilized by Morgan. By the contract provisions, Brant continued to operate a truck he owned to accomplish the hauling services, but the truck was leased to Morgan. Additionally, the contracts explicitly allowed termination

"by either party giving the other 10 days written notice or if either party violates any terms of this Contract, the other party may have the right to cancel immediately."

In August 1981 a dispute arose between Morgan and Brant when Morgan contested payment for services which it determined Brant had performed unsatisfactorily. On September 15, 1981, Brant filed a small claims action against Morgan demanding payment. Morgan received notice of the suit on September 16, 1981. The next day Morgan refused to dispatch Brant on a previously scheduled trip. The situation remained static, with Morgan refusing to dispatch Brant on further trips, until October 1, 1981 when Brant was notified that his contract had been terminated, effective that date.

Brant then brought the suit which is the subject of this appeal, alleging *inter alia* that his termination was a wrongful retaliatory discharge prohibited under Indiana's public policy exception to the employment at will doctrine. The equipment contract purported to treat Brant as an independent contractor. However, at trial Brant sought to demonstrate that he was actually an employee because of the extent to which Morgan controlled his work.

At trial over the objection of Morgan, the jury was instructed that,

"[U]nder Indiana law it is a violation of the State's public policy to discharge an employee or terminate an independent contractor relationship in retaliation for the filing of a lawsuit by the employee or independent contractor over a wage or payment dispute."

Accordingly, the jury made no determination whether Brant was an employee or an independent contractor when it returned a verdict for Brant.

As restated, Morgan raises the following issues on appeal:

(1) whether Indiana recognizes a cause of action for wrongfully terminating an employee or an independent contractor in retaliation for the filing of a lawsuit over a wage or payment dispute;

(2) whether the circumstances of this case would limit Brant to contract damages for the ten-day notice period expressed in the contract;

(3) whether evidence regarding Morgan's financial condition presented by Brant served to prejudice the jury's award of compensatory and punitive damages; and

(4) whether Brant established entitlement to punitive damages by clear and convincing evidence.

This Court will neither weigh the evidence nor consider the credibility of witnesses when reviewing a judgment which is challenged as being contrary to law. Only the evidence most favorable to the judgment, together with any reasonable inferences which may be drawn therefrom, may be considered. *Stubbs v. Hook* (1984), Ind. App., 467 N.E.2d 29, 31.

■■■ In Indiana an oral or written contract of employment for an indeterminate period is deemed employment at will, which can be terminated at any time by either party unless otherwise provided in the contract. In derogation of this established doctrine, our Supreme Court found that an employee at will may not be discharged solely for exercising a right granted by statute. *Frampton v. Central Ind. Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425.

■ In the instant case, as an employee, Brant would have had a statutory right to sue Morgan for payment of his wages pursuant to IND.CODE § 22-2-4-4.[1] Consequently, termination of Brant solely for filing the small claims action, would violate the *Frampton* rule [2] if Brant were an employee as opposed to an independent contractor.

Implicit in the jury's verdict for Brant was a determination that he was discharged because of the lawsuit. However,

by instructing the jury that Brant could recover whether he was an employee or an independent contractor, the trial court foreclosed any determination as to Brant's employment status.

■ If Brant was an independent contractor, his relationship with Morgan was entirely governed by the contracts which allowed termination by either party after ten days notice without cause or immediately with cause. Only if Brant was an employee would the employment at will doctrine and its exception for the exercise of statutory rights [3] protect him from discharge for filing the lawsuit.

Morgan argues that one of the contracts provided that Brant was to be considered an independent contractor and that any directives issued by Morgan regarding performance of Brant's duties were required by the Interstate Commerce Commission. Brant alleged at trial and submits on appeal that several of the directives were not issued pursuant to Interstate Commerce Commission regulations, and that Morgan exercised sufficient control over the method and particulars of the work performed to classify Brant as an employee. *See, Crabill v. Livengood* (1967), 142 Ind.App. 624, 231 N.E.2d 854.

■ Whether Brant was an employee or an independent contractor was a question of fact to be determined by the jury. *Coppes Bros. & Zook v. Pontius* (1921), 76 Ind.App. 298, 131 N.E. 845. Brant's recovery for wrongful retaliatory discharge is contingent upon a finding that he was an employee of Morgan. A determination that Brant was an independent contractor would necessarily limit any recovery to contract damages for Morgan's failure to pro-

---

1. The section provides that an employee may bring a civil action to recover wages which are at least ten days overdue, and allows recovery of a penalty and reasonable attorney fees.

2. The small claims suit was filed by Brant *pro se* in Michigan; thus, the above statute was not specifically relied upon. However, the availability of the statute signals the legislature's

intention to create a cause of action, and renders the *Frampton* decision the controlling precedent on this issue.

3. By the statute's terms, it applies only to employees. IND.CODE § 22-2-4-4.

vide ten days notice prior to termination of the contract. Consequently, the cause must be reversed and remanded for a new trial.

◼ Further, Morgan argues that the trial court's instruction relative to punitive damages did not comply with the standard announced by our Supreme Court in *Travelers Indem. Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349, 362. In the present case, the court admonished the jury that punitive damages could only be awarded upon clear and convincing evidence of malice, fraud, gross negligence, or oppressive conduct. The *Travelers* decision stated that additionally, some evidence "inconsistent with the hypothesis that the tortious conduct was the result of a mistake of law or fact, honest error of judgment, over-zealousness, mere negligence or other such noniniquitous human failing" is required to support an award of punitive damages. *Travelers, supra,* 442 N.E.2d at 362. In the event that a second trial requires an instruction on the issue of punitive damages, the instruction given by the trial court at the first trial should be modified.

Because the cause must be reversed and remanded for a new trial, this Court need not address the issues raised by Morgan concerning compensatory damages, and whether sufficient evidence existed to sustain an award of punitive damages.

The judgment is reversed and remanded for a new trial.

Reversed and remanded.

STATON, P.J., concurs.

GARRARD, J., concurs and dissents with opinion.

GARRARD, Judge, concurring in part and dissenting in part.

I agree that if Brant was an independent contractor and was discharged on grounds other than violation of the contract he has a claim for compensatory damages arising from the failure of Morgan to give him ten days' written notice as required by the agreement. I also agree that the punitive damage instruction did not adequately state the law.

However, I respectfully dissent to the majority's expansive reading of the decision in *Frampton v. Central Ind. Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425. As this court observed in *Martin v. Platt* (1979), 179 Ind.App. 688, 386 N.E.2d 1026, *Frampton* involved a discharge of an employee for exercising his rights to workmen's compensation benefits in violation of a statutory prohibition against employers using any "device" to avoid their obligations under the act. 386 N.E.2d at 1028; 297 N.E.2d at 427–28.

The majority herein has chosen to alter the prohibition against discharging an at-will employee from cases where a statute prohibits discharge for the ground in question, to cases where the employee was merely exercising a right which a statute permitted or conferred.

While *Pepsi-Cola General Bottlers, Inc. v. Woods* (1982), Ind.App., 440 N.E.2d 696, 697 and *Frampton, supra,* 297 N.E.2d at 429, contain language to that effect, neither case so held.

I do not for a moment dispute the moral and ethical impropriety of "retaliatory discharge." But we assert that individual freedom is both desirable and important; and that must concomitantly entail individual responsibility. At this juncture, the law of Indiana recognizes the validity of employment-at-will contracts. Under such a contract Morgan was free to terminate Brant for any reason or no reason, except as *prohibited* by some valid statute.

If that should not be the law then it is the validity of the at-will employment relationship that should be changed.

I dissent for these reasons and those stated in our prior decision in *Martin v. Platt, supra.*