**Patricia McQUEENEY,**
**Plaintiff-Appellant,**

**v.**

**Max GLENN, as an Individual and as Superintendent of the Greenfield-Central School Corporation, and Greenfield-Central Community School Corporation, Defendants-Appellees.**

**No. 1–379A100.**

Court of Appeals of Indiana,
First District.

Feb. 19, 1980.

Rehearing Denied March 24, 1980.

Donald F. Foley, Yaeger, Foley & Cutter, Indianapolis, for plaintiff-appellant.

John R. Van Winkle, Ging, Free, Brand, Tosick & Van Winkle, Greenfield, for defendants-appellees.

NEAL, Judge.

Plaintiff-appellant Patricia McQueeney appeals from a judgment denying her action for an injunction and damages against defendants-appellees Max Glenn and Greenfield-Central Community School Corporation.

She raises the following issues for our review:

I. (A) Whether the trial court erred in finding that plaintiff's discharge was not in violation of 42 U.S.C. § 1983 (1976).

(B) Whether the trial court's findings of fact and conclusions of law were inconsistent with the judgment, thus making the judgment clearly erroneous.

II. Whether the trial court's judgment was clearly erroneous in finding that plaintiff was an employee at will and lacked a legitimate claim of entitlement to continued employment.

III. Whether the trial court erred in failing to find that the exercise of the right of free speech by plaintiff and her husband was the motivating factor in her discharge, and whether the trial court erred in placing the burden on plaintiff to show that the exercise of the right of free speech was a motivating factor in her discharge.

IV. Whether the trial court's judgment was clearly erroneous in finding that plaintiff had no guaranteed right of due process.

V. Whether the trial court's judgment was clearly erroneous in finding that plaintiff's discharge was not motivated by the exercise of her rights of free speech and free association.

VI. Whether the trial court's judgment was clearly erroneous in concluding that the school board had given defendant Glenn the authority to discharge plaintiff and that the discharge did not violate the statutes of Indiana.

VII. Whether the trial court's judgment was clearly erroneous in concluding that plaintiff was not entitled to a preliminary and permanent injunction for reinstatement and back pay.

We affirm.

The evidence presented at the trial most favorable to support the judgment, and nec-

essary for the determination of this case, is as follows:

Plaintiff was hired as a general office secretary for the central office of the Greenfield-Central superintendent of schools in 1971. There was no evidence that she had a contract, nor was there any evidence that she was promised tenure. On July 1, 1975, defendant Glenn was hired as superintendent of the school corporation. At that time plaintiff's principal duty was secretary to the assistant superintendent, Keith Davis. A conflict between Keith Davis and defendant Glenn led to the former's reassignment to the position of principal at a grade school in June, 1976, whereupon he resigned. Plaintiff was angry at defendant Glenn for what she considered mistreatment of Keith Davis.

In the fall, 1976, plaintiff's husband was elected as a member of the school board. His presence on the school board caused other board members and defendant Glenn to be apprehensive of a possible conflict of interest, though no action was taken. The relationship between plaintiff and defendant Glenn further deteriorated, and the conflict, characteristically, spread and eventually involved the public, the school board members, the media, the husband, etc. The record is amply punctuated with charges and recriminations, the details of which we do not deem necessary to recite here. Suffice to say, there is evidence that on March 3, 1978, defendant Glenn, with the authority of the majority of the school board, offered plaintiff the option of being transferred to a position in another building or having her employment terminated. Plaintiff insisted upon retaining her position in the central office and caused her keys to be delivered symbolizing her acceptance of the termination. No hearing was had on her termination.

[1-3] The evidence is conflicting, and much of the plaintiff's argument in her brief is devoted to the insistence that the trial court committed error in not accepting her version of the events. We will not weigh the evidence nor determine the credibility of the witnesses. *McCray Mem.*

*Hosp. v. Hall,* (1967) 141 Ind.App. 203, 226 N.E.2d 915. We will not disturb the ruling of the trial court if there is substantial evidence of probative value to sustain the decision of the trial court. *Lake County Council v. Arredondo,* (1977) 266 Ind. 318, 363 N.E.2d 218. We are cognizant that a trial court's judgment will be determined to be clearly erroneous only after a review of the evidence leaves us with a definite and firm conviction that the trial court erred. *University Caseworks Systems, Inc. v. Bahre,* (1977) Ind.App., 362 N.E.2d 155.

## I(A), I(B), III and V
### Freedom of Speech and Freedom of Association

For the sake of convenience, we join the issues raised in I(A), I(B), III and V of the assignments of error.

Plaintiff argues essentially, under these headings, that her rights of freedom of speech and freedom of association protected under the First Amendment to the Constitution of the United States were violated by her discharge. She couples this argument with one of similar import, that her discharge was in violation of 42 U.S.C. § 1983, which grants a person a cause of action for acts committed under color of state law causing a person to be subject to deprivation of rights secured by the United States Constitution.

[4] Even though a person may not have a property interest or benefit that is protected under procedural due process under the Fourteenth Amendment, that benefit may not be denied if the denial is based upon the contravention of the constitutionally protected right of freedom of speech or association. *Perry v. Sinderman,* (1972) 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570. The Supreme Court of the United States in *Mt. Healthy City Board of Education v. Doyle,* (1976) 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471, further refined the rule. In that case, the contract of a teacher, without tenure, was not renewed after he made a telephone call to a radio station and read a memo from the principal relative to school activi-

ties. The Supreme Court held that, initially, the teacher had the burden of showing that the telephone call, protected as freedom of speech under the First Amendment, was a substantial factor in the denial of a new contract. This burden having been met, the second step of the test was that the school board then must show by a preponderance of the evidence that the same decision would have been made without the issue of the teacher's protected conduct.

The plaintiff seems to argue that the court erred in not accepting her version of the evidence and the inferences and conclusions to be drawn therefrom. We have reviewed the evidence, and we find that there was sufficient evidence to support the court's findings and determination that the actions of the school board did not fall within the proscriptions of *Perry, supra, Mt. Healthy City Board of Education, supra,* or 42 U.S.C. § 1983.

Plaintiff argues that her discharge violates the public policy of Indiana in that her right of freedom of association, as represented by her marriage to Jack McQueeney, was the basis for a retaliatory discharge. She cites *Frampton v. Central Indiana Gas Company,* (1973) 260 Ind. 249, 297 N.E.2d 425, which held that retaliatory discharges are against public policy. We agree with the trial court's finding that there was no retaliation.

## II and IV

### Due Process

Plaintiff argues under assignment of errors II and IV that she was not just an employee at will but had a property interest in continued employment. She contends that her job was terminated without notice or hearing, thus denying her procedural due process under the Fourteenth Amendment to the Constitution of the United States.

The opportunity to be heard is a fundamental requirement of due process under the Fourteenth Amendment. The hearing must be meaningful in time and place. *Town of Speedway v. Harris,* (1976) Ind.App., 346 N.E.2d 646. In order for a plaintiff to avail himself of due process protections, he must first show that he had some property interest which was protected by procedural due process. A property interest may arise from a statute, ordinance, or contract. In any event, the sufficiency of the claim or entitlement to such a property interest must be decided by reference to state law. *Gansert v. Meeks,* (1979) Ind. App., 384 N.E.2d 1140.

The foundation of plaintiff's argument is that there existed a practice within the school corporation, which was stated in an employee handbook, requiring a conference with an allegedly errant employee wherein his deficiencies were discussed, and the employee was given an opportunity to correct the deficiencies before being discharged. In this instance, it was not done. Appellant cites *Town of Speedway, supra,* and *State ex rel. Warzyniak v. Grenchik,* (1978) Ind.App., 379 N.E.2d 997, in support of her argument. Those cases, after reciting the general rules relative to the Fourteenth Amendment due process protections afforded in job relationships with government entities, went ahead to say that in order to have a property interest in a benefit such as a job, a person clearly must have more than an abstract need for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim or entitlement to it. When cause is required before an employment relationship may be altered to the detriment of the employee, due process protection attaches. The court, in these cases, decided that because of department rules or ordinances, a property interest was created which could not be terminated without affording procedural due process.

In the instant case there was no evidence whatever that any tenure was attached to plaintiff's job such as may have existed in cases where a written contract, ordinance, etc., was involved. This type of situation was dealt with in *Shaw v. S. S. Kresge Company,* (1975) Ind.App., 328 N.E.2d 775. Shaw, an employee of Kresge, was discharged without a hearing. He had no contract, oral or written, for any specific

tenure. Kresge had a policy handbook for employees, stating, in effect, that upon receipt of three warning slips for misbehavior in any year, an employee could be brought before an advisory committee for discipline or discharge. Shaw was summarily discharged by Kresge without reference to the policy handbook procedures. Shaw argued that the handbook was a contract of employment. The court said, at page 779 of 328 N.E.2d:

"Even assuming, *arguendo,* that the handbook relied upon by appellant constituted a part of the contract, in the absence of a promise on the part of the employer that the employment should continue for a period of time that is either definite or capable of determination, the employment relationship is terminable at the will of the employer. . . . there being no binding promise on the part of the employee that he would continue in the employment, it must also be regarded as terminable at his discretion as well. For want of mutuality of obligation or consideration, such a contract would be unenforcible [sic] in respect of that which remains executory."

While *Shaw* is a private employment situation, the principles of contractual relationships are the same. The same rules govern. The property interest here is governed by reference to state contract law.

▄▄▄ The case at bar is similar to *Shaw, supra.* There was no express contract. There was no implied contract. An implied contract arises out of acts and conduct of the parties, coupled with a meeting of the minds and a clear intent of the parties in the agreement. *Dyer Construction Co., Inc. v. Ellas Construction Co., Inc.,* (1972) 153 Ind.App. 304, 287 N.E.2d 262. There was no evidence that any tenure whatsoever was promised plaintiff, nor could any be implied from any conduct of the parties. She was an employee at will. Therefore, the court did not err in so concluding and in denying her claim which was based upon violation of procedural due process protection under the Fourteenth Amendment.

▄▄▄ Further, an employee, even with stated tenure, does not have a property interest in a particular position which is protected as a property interest, absent express contractual or statutory provisions that a certain employment relationship will continue. *Danno v. Peterson,* 421 F.Supp. 950 (N.D.Ill.1976); *Morris v. City of Kokomo,* (1978) Ind.App., 381 N.E.2d 510. Here, there was evidence that plaintiff was offered a transfer of position which she declined. It is clear that she had no legitimate expectations of continued employment in the central office.

We are, therefore, of the opinion that there was sufficient evidence to support the findings of the court that the plaintiff was an employee at will and had no interest which was protected by procedural due process.

*VI*

*Authority to Discharge*

Plaintiff also claims that defendant Glenn acted without the authority of the school board thus making it impossible for the board to ratify defendant Glenn's actions.

▄▄▄ Plaintiff's argument that the school board had not given defendant Glenn the authority to discharge her conflicts with the record which indicates that in the meetings after Jack McQueeney was elected to the school board and on March 2, 1978, the school board confirmed that the superintendent had the responsibility of handling noncontractual employee relations, and that the board would support defendant Glenn's actions in those matters.

▄▄▄ Ind.Code 20–7–1–1, which gives school boards the authority to hire and fix salaries for clerical personnel, is cited by plaintiff to show that defendant Glenn lacked the authority to fire her. There was evidence that defendant Glenn acted as agent on behalf of the school board when plaintiff was given her options.

▄▄▄ Plaintiff also argues that the defendant school violated the Indiana Open Door Law, Ind.Code 5–14–1.5–6 (Supp.

1979), by discharging her without a public meeting. The statute provides that an executive session, closed to the public, may be conducted when an employee's status is to be discussed. The statute also states that "(b) A final action must be taken at a meeting open to the public." We conclude that there was no "final action" by the board since plaintiff's employment was terminated by her decision to turn in her keys, not a decision by the board.

■ After plaintiff filed her claim against the defendant school, the school board passed a resolution supporting defendant Glenn in this particular matter. It is contended by plaintiff that the school board could not ratify defendant Glenn's action retroactively, citing Ind.Code 20–5–2–2 (Supp.1979). The pertinent part of the statute reads as follows:

> "In carrying out the school purposes of each corporation, its governing body acting on its behalf shall have the following specific powers:
>
> \* \* \* \* \* \*
>
> (18) *To ratify and approve any action taken* by any member of the governing body, any officer of the governing body or *by any employee of the school corporation after such action is taken,* if such action could have been approved in advance, and in connection therewith to pay any expense or compensation permitted under IC 20–5–1 through IC 20–5–6 or any other law." (Emphasis added.)

It is clear that the school board properly ratified defendant Glenn's actions.

### VII

■ Plaintiff claims that the trial court erred in concluding that she was not entitled to a preliminary and permanent injunction for reinstatement and back pay. As previously stated, plaintiff failed to show that the exercise of the rights of free speech and free association were substantial factors in the termination of her employment or that she had a constitutionally protected property interest in continued employment. Thus, we cannot say that the trial court's findings were clearly erroneous. *University Casework Systems, Inc., supra.*

For the reasons stated above, the decision of the trial is affirmed.

Affirmed.

ROBERTSON, P. J., concurs.

YOUNG, J., participating by designation, concurs.