Rudy **HILLENBRAND**, Appellant
(Plaintiff Below),

v.

**CITY OF EVANSVILLE,** Appellee
(Defendant Below).

No. 4–483A119.

Court of Appeals of Indiana,
Fourth District.

Dec. 15, 1983.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for appellant.

David Bunner, Kevin Winternheimer, Evansville, for appellee.

YOUNG, Judge.

Plaintiff-appellant Rudy Hillenbrand brought suit against defendant-appellee City of Evansville alleging he was wrongfully discharged from employment. The City filed a motion for summary judgment, which was granted. Hillenbrand appeals contending the motion was improperly granted.

We affirm.

Because this is an appeal from the granting of the City's motion for summary judgment, we will view the facts established by Hillenbrand as true. *Hirschauer v. C & E Shoe Jobbers, Inc.,* (1982) Ind.App., 436 N.E.2d 107. In February 1980, Hillenbrand was hired by the City as the Chief Inspector of the Board of Public Works. Hillenbrand was not hired pursuant to a written contract of employment and was not hired for any specific length of time. On May 13, 1980, Hillenbrand rode with inspectors in a city vehicle as they inspected areas on the southeast side of Evansville. Instead of taking a lunch break, he had the inspectors drop him off to get a haircut. When the inspectors picked up Hillenbrand approximately thirty minutes later, they told him they had seen Louise O'Connell, the executive secretary for the Board of Public Works, going into an apartment complex. After inspecting a

large chuckhole, they turned around in the apartment complex. Hillenbrand did not know the name of the apartment complex. As they were turning around, they observed an automobile parked in the apartment complex which they believed belonged to John Vezzoso, the president of the Board of Public Works.

After finishing their inspections, they returned to the office. Shortly thereafter, Hillenbrand received a telephone call from Vezzoso instructing Hillenbrand to meet him at once. When Hillenbrand arrived, Vezzoso immediately began questioning him as to where he had been that day and whether he had been at the Shamrock Apartments in a city vehicle. Hillenbrand, not knowing the Shamrock Apartments were the apartments in which they had turned around, denied he had been there. Vezzoso asked him if he had seen Ms. O'Connell. Hillenbrand stated that he had only seen her in the office that morning. Vezzoso then told Hillenbrand that he (Vezzoso) had seen Hillenbrand near Ms. O'Connell's apartment and accused him of lying. After Vezzoso had "ranted and raved" for some time, he directed Hillenbrand not to mention this matter to anyone. Shortly thereafter, Hillenbrand was reassigned to the city garage for spring cleanup detail. On May 20, 1980, Hillenbrand was fired by Vezzoso and Mark Owen, executive director of the Board of Public Works.

Hillenbrand recognizes his status as an employee at will and the attendant limitations on his right to recover for retaliatory discharge. He first claims, however, that this case falls within the exception set forth in *Campbell v. Eli Lilly & Co.*, (1980) Ind.App., 413 N.E.2d 1054. In *Campbell*, this court held that in order to recover for retaliatory discharge the "plaintiff must demonstrate that he was discharged in retaliation for either having exercised a statutorily conferred personal right or having fulfilled a statutorily imposed duty." *Id.* at 1061.

In reviewing the granting of a summary judgment we determine only whether there is any genuine issue of material fact and whether the trial court cor-

rectly applied the law. *Consolidated City of Indianapolis v. Cutshaw*, (1983) Ind. App., 443 N.E.2d 853. Hillenbrand contends that he was fired for carrying out his statutorily imposed duty of inspecting the streets. There is nothing in the record to support this contention. Viewing the evidence and all reasonable inferences most favorably to Hillenbrand, the most that can be said is that Hillenbrand was fired because he "observed something which he was not supposed to see." Hillenbrand simply presented no evidence that he was fired for carrying out his statutorily imposed obligations. *Cf. Frampton v. Central Indiana Gas Co.*, (1973) 260 Ind. 249, 297 N.E.2d 425 (cause of action does exist for discharge in retaliation for employee filing a claim under the Indiana Workmen's Compensation Act). Thus, the trial court did not err in granting summary judgment.

Hillenbrand alternatively requests us to expand the public policy exception to the employment at will doctrine to cover the facts in this case. If the time has come to change this long-standing rule, the change must come from the Supreme Court and not this court. *Boland v. Greer*, (1980) Ind.App., 409 N.E.2d 1116.

Affirmed.

CONOVER, P.J., and MILLER, J., concur.