**M.C. WELDING AND MACHINING COMPANY, INC., Appellant–Defendant,**

v.

**Joseph KOTWA, Appellee–Plaintiff.**

No. 46A04–0508–CV–457.

Court of Appeals of Indiana.

April 11, 2006.

---

Larry G. Evans, Kevin G. Kerr, Hoeppner Wagner & Evans, Valparaiso, for Appellant.

Mark L. Phillips, Newby Lewis Kaminski & Jones, LaPorte, for Appellee.

## OPINION

SHARPNACK, Judge.

M.C. Welding and Machining Company, Inc., ("M.C.Welding") appeals the trial court's judgment for Joseph Kotwa. M.C. Welding raises two issues, which we restate as:

I. Whether the trial court had subject matter jurisdiction because Kotwa failed to exhaust his administrative remedies with the Indiana Civil Rights Commission; and

II. Whether the evidence is sufficient to sustain the judgment on Kotwa's retaliatory discharge claim.

We affirm.

The relevant facts follow. Kotwa worked for M.C. Welding as a machinist. In April 2001, Kotwa was required to have heart surgery. Following his surgery, Marta Cetera, vice-president of M.C. Welding, complained to him that he went to the doctor too often and that his insurance cost too much. On December 20, 2001, sixty-three-year-old Kotwa and other workers at M.C. Welding were temporarily laid off for a two-week period and were to return to work on January 7, 2002. On December 26, 2001, Kotwa filed a claim for unemployment benefits. On December 28, 2001, Marta Cetera talked to Kotwa and told him that he needed to return his keys to the machine shop and that he would not be permitted to return to work in January. Marta told Kotwa that he could not come back to work because he was sick and because he had applied for unemployment benefits. The following Saturday, Kotwa returned to the machine shop to turn in his keys. Kotwa asked Marian Cetera ("Marian"), president of M.C. Welding, if he could come back to work, and Marian would not answer Kotwa. Robert Zurek, who also applied for unemployment benefits, was also not allowed to come back to work, but the other employees returned to work.

On April 25, 2002, Kotwa filed a "Complaint of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") on an Indiana Civil Rights Commission ("ICRC") form. Kotwa alleged that M.C. Welding discriminated against him on the basis of age and disability and that M.C. Welding retaliated against him. On April 30, 2002, the EEOC sent a letter to Kotwa, which provided: "You need do nothing further at this time. We will contact you when we require further information or assistance...." Appellee's Appendix at 10. Further, the letter provided:

You should be aware that the Commission will provide a copy of your charge to the below listed agency in accordance with our procedures. If your charge is processed by that agency, you may be required to swear to or affirm you signature before a notary public or an official of the agency. Agency: Indiana Civil Rights Commission.

If your charge is investigated by the above agency, they will investigate and resolve your charge under their statute. Under section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the agency's final finding. To secure this review, you must request it in writing to this office within 15 days of your receipt of the agency's final finding in your case. Otherwise, we will generally adopt the agency's finding as EEOC's.

*Id.* at 11.

On July 24, 2002, the EEOC sent Kotwa a notice that it was closing its file because M.C. Welding "employs less than the required number of employees or is not otherwise covered by the statutes." Appellant's Appendix at 12. The notice further provided:

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge

in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

*Id.*

On October 23, 2002, Kotwa filed a complaint against M.C. Welding in the Laporte County Superior Court alleging that M.C. Welding's conduct violated Ind.Code §§ 22–9–2–1 to –11, which prohibits discrimination on the basis of age, and Ind. Code §§ 22–9–1–1 to –18, which prohibits, among other things, discrimination based upon disability. On January 16, 2004, Kotwa amended his complaint to add a claim that M.C. Welding failed to provide him with continuing insurance coverage in violation of Ind.Code §§ 27–8–15–31.1. On June 23, 2004, Kotwa amended his complaint a second time to add a claim that M.C. Welding retaliated against him for applying for and receiving unemployment benefits. In each complaint, Kotwa's request for relief included a request that the trial court "[g]rant such additional relief as the Court deems just and proper pursuant to statute, including a remand of this case to the Indiana Human Rights Commission for investigation and/or hearing." Appellant's Appendix at 51.

In the pre-trial order, the parties "stipulate[d]" and the trial court found "that it ha[d] jurisdiction over the parties and the issues in this case." *Id.* at 58. Kotwa narrowed his issues for trial down to claims that his termination was based upon his age, perceived disabilities, and the fact that he applied for unemployment bene-

fits.[1] Attorneys for both Kotwa and M.C. Welding signed the pre-trial order.

In May 2005, the case was tried to a jury.[2] The jury found for Kotwa and assessed damages for back pay of $108,500.00 and damages for front pay of $60,000.00. In June 2005, M.C. Welding filed a motion for relief from judgment, which alleged for the first time that Kotwa did not submit his claim to the ICRC, that Kotwa "did not follow the statutory procedures to opt out of the agency proceedings by the written consent of both parties on a form provided by the [ICRC]," and that Kotwa "failed to exhaust his administrative remedies which deprives the Court of subject matter jurisdiction over this claim." *Id.* at 100, 121. Thus, M.C. Welding requested that the trial court vacate the judgment against it as void. M.C. Welding also filed a motion to correct error, which made the same allegations as the motion for relief from judgment and also alleged that Kotwa's retaliation claim was unsupported by the evidence. In the motion to correct error, M.C. Welding argued that it was "impossible to determine if the verdict was based on the retaliatory discharge claim or the claims for Civil Rights Violations over which there was no subject matter jurisdiction" and requested that the trial court vacate the judgment as void or alternatively order a new trial on the retaliatory discharge claim. *Id.* at 122. After a hearing, the trial court denied M.C. Welding's motion for relief from judgment and motion to correct error.

We note that Kotwa presented three claims to the jury, an age discrimination claim, a disability discrimination claim, and a retaliation claim. The jury entered a

---

1. Kotwa apparently abandoned his claim regarding M.C. Welding's refusal to provide him with continuing insurance coverage.

2. We note that Ind.Code § 22–9–1–17 provides that civil actions for enforcement of the

Indiana Civil Rights Law "must be tried by the court without the benefit of a jury." M.C. Welding did not raise this issue to the trial court and does not raise it on appeal.

general verdict in favor of Kotwa. On appeal M.C. Welding argues, in part, that the trial court did not have subject matter jurisdiction over Kotwa's discrimination claims because Kotwa failed to exhaust his administrative remedies with the ICRC.[3] Although M.C. Welding's argument regarding jurisdiction over the discrimination claims appears to have some merit, it is well settled that "a general verdict will be sustained if the evidence is sufficient to sustain any theory of liability." *PSI Energy, Inc. v. Roberts*, 829 N.E.2d 943, 950 (Ind.2005) (citing *Picadilly, Inc. v. Colvin*, 519 N.E.2d 1217, 1221 (Ind.1988); *City of Indianapolis v. Pollard*, 241 Ind. 66, 72, 169 N.E.2d 405, 408 (1960)), *reh'g granted on other grounds*, 834 N.E.2d 665 (Ind. 2005). Consequently, the general verdict is sustainable if the evidence is sufficient to sustain the retaliation theory of liability.

Such retaliation theories were first recognized by the Indiana Supreme Court in *Frampton v. Cent. Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973). In *Frampton*, the Court held: "[U]nder ordinary circumstances, an employee at will may be discharged without cause. However, when an employee is discharged solely for exercising a statutorily conferred right an exception to the general rule must be recognized." 260 Ind. at 253, 297 N.E.2d at 428. The Court concluded that "an employee who alleges he or she was retaliatorily discharged for filing a claim pursuant to the Indiana Workmen's Compensation Act ... or the Indiana Workmen's Occupational Diseases Act ... has stated a claim upon which relief can be granted." *Id.; see also McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 393 (Ind.1988) (holding that an employee stated a cause of action when he alleged he was wrongfully discharged for refusing to commit an illegal act for which he would have been personally liable). To succeed on a claim of retaliatory discharge, "[t]he employee must present evidence that directly or indirectly implies the necessary inference of causation between the [statutorily conferred right] and the termination,

3. In general, claims arising under the Indiana Civil Rights Law, Ind.Code §§ 22–9–1, are presented by filing a complaint with the Indiana Civil Rights Commission, which investigates the complaint and determines if probable cause exists to believe that an illegal act of discrimination has occurred. Ind.Code § 22–9–1–6; 910 IAC 1–2–3; 910 IAC 1–3–2. If probable cause exists, the case is heard by an administrative law judge ("ALJ"), who issues proposed findings of fact and conclusions thereon, which are submitted to the ICRC. 910 IAC 1–3–5; Ind.Code § 22–9–1–6. The ICRC's final order is appealable to the Indiana Court of Appeals. Ind.Code § 22–9–1–18; Ind.Code § 22–9–8–1.

Alternatively, if probable cause is found, the parties may have the case decided by a trial court. Ind.Code §§ 22–9–1–16, –17. However, both the "respondent and the complainant must agree in writing to have the claims decided in a court of law. The agreement must be on a form provided by the commission." Ind.Code § 22–9–1–16(a); *see also* 910 IAC 1–3–6.

Here, Kotwa filed his claim with the EEOC rather than the ICRC. However, the EEOC and the ICRC have a "Worksharing Agreement," under which the EEOC and the ICRC have designated each other as agents for the purpose of receiving charges. Appellee's Brief at vii; *see also* 910 IAC 1–2–4. Thus, by filing his charge with the EEOC, Kotwa also filed his charge with the ICRC. The EEOC eventually closed its file because M.C. Welding did not employ enough workers for the federal statutes to be applicable and instructed Kotwa that he had ninety days to sue on his federal claims (of which he had none). When the EEOC closed its file, it appears that Kotwa's complaint should have been investigated and processed by the ICRC as described above. Kotwa contends that the ICRC declined to process his claim but presents no support for this assertion. However, we need not analyze this situation further because the general verdict is supported by Kotwa's retaliatory discharge claim.

such as proximity in time or evidence that the employer's asserted lawful reason for discharge is a pretext." *Dale v. J.G. Bowers, Inc.*, 709 N.E.2d 366, 369 (Ind.Ct.App. 1999).

Here, M.C. Welding makes several arguments concerning the retaliation claim. First, M.C. Welding argues that this claim also had to be presented to the ICRC. Second, M.C. Welding argues that, even if the claim was not required to be presented to the ICRC, the evidence is insufficient to sustain the verdict because: (1) an employee receiving unemployment benefits cannot claim retaliatory discharge based upon *Lawson v. Haven Hubbard Homes, Inc.*, 551 N.E.2d 855 (Ind.Ct.App.1990); and (2) Kotwa failed to prove that he was deprived of a "right of" employment. We will address each claim separately.

**A. *Jurisdiction over the Retaliation Claim.***

 M.C. Welding argues that the retaliation claim, like the discrimination claims, should have been presented to the ICRC and that, because Kotwa failed to do so, the trial court did not have subject matter jurisdiction over the claim. Certainly, "the general rule is that a party is not entitled to judicial relief for an alleged or threatened injury until the prescribed administrative remedy has been exhausted." *Austin Lakes Joint Venture v. Avon Util., Inc.*, 648 N.E.2d 641, 644 (Ind.1995). However, the Indiana Supreme Court has held that:

If at least one of the issues involved in the case is within the jurisdiction of the trial court, the entire case falls within its jurisdiction, even if one or more of the issues are clearly matters for exclusive administrative or regulatory agency determination. Where at least one of the issues or claims is a matter for judicial determination or resolution, the court is

not ousted of subject matter jurisdiction by the presence in the case of one or more issues which arguably are within the jurisdiction of an administrative or regulatory agency.

*Id.* at 646. Thus, "a trial court must invoke the doctrine of primary jurisdiction where one (but less than all) of the issues in the case requires exhaustion of remedies before judicial review can occur," and those issues requiring exhaustion of remedies "must be referred to the agency for determination." *Id.* at 647.

The ICRC clearly has jurisdiction over some retaliation claims. *See, e.g., Indiana Civil Rights Comm'n v. Culver Educ. Found. (Culver Military Academy)*, 535 N.E.2d 112 (Ind.1989) (discussing an employee's claim that her employer retaliated against her by eliminating her position after she filed a discrimination claim with the ICRC). Ind.Code § 22–9–1–6(h) provides that "[t]he commission shall prevent any person from discharging, expelling, or otherwise discriminating against any other person because he filed a complaint, testified in any hearing before this commission, or in any way assisted the commission in any matter under its investigation."

 However, Kotwa claimed that M.C. Welding terminated his employment because he exercised a statutorily conferred right, i.e., he applied for unemployment benefits. Kotwa did not claim that M.C. Welding retaliated against him because he filed a complaint with the ICRC, testified in any hearing before the ICRC, or in any way assisted the ICRC in any matter under its investigation. M.C. Welding presents no authority for the proposition that the ICRC has jurisdiction over a *Frampton* retaliatory discharge claim, and our courts have routinely addressed such claims without requiring them to be presented to the ICRC. *See, e.g., McGarrity v. Berlin Metals, Inc.*, 774 N.E.2d 71, 79

(Ind.Ct.App.2002) (discussing a retaliatory discharge claim for refusal to incur personal liability for felony fraud, filing a fraudulent tax return, failing a corporate responsibility, or a conspiracy to commit any of the former crimes), *trans. denied; Markley Enter., Inc. v. Grover*, 716 N.E.2d 559, 566 (Ind.Ct.App.1999) (discussing a retaliatory discharge claim where the employee was terminated after filing a worker's compensation claim).

While the trial court may not have had subject matter jurisdiction over the discrimination claims, it was "not ousted of subject matter jurisdiction" over the retaliatory discharge claim.[4] *Austin Lakes*, 648 N.E.2d at 646. Consequently, M.C. Welding's argument fails. The trial court had jurisdiction over Kotwa's retaliatory discharge claim.

B. *Applicability of Lawson v. Haven Hubbard Homes, Inc.*

M.C. Welding argues that the evidence is insufficient to sustain a judgment for retaliatory discharge based upon this court's holding in *Lawson*. There, the employee attempted to return to work after a medical leave, but the employer refused to let her return to work because she could not lift objects weighing more than twenty-five pounds for twelve to sixteen weeks. *Lawson*, 551 N.E.2d at 857.

The employee contacted the employer several times over the next few months in an attempt to return to work, but the employer consistently advised her that she could not return. *Id.* The employee applied for unemployment benefits, and the employer terminated her employment. *Id.* The employee filed a complaint for retaliatory discharge, and the trial court granted summary judgment to the employer. *Id.* at 857–858.

On appeal, this court noted that the Indiana Supreme Court created an exception in *Frampton* because:

> The fear of being discharged would have a deleterious effect on the exercise of a statutory right. Employees will not file claims for justly deserved compensation—opting, instead, to continue their employment without incident. The end result, of course, is that the employer is effectively relieved of his obligation.

*Id.* at 860 (quoting *McClanahan*, 517 N.E.2d at 393). This court then held:

> We fail to see how the "fear of being discharged" in the present case would have a "deleterious effect on the exercise of a statutory right." *Id.* Presumably, an employee will not file an unemployment compensation claim unless the employee is unemployed, or unless the employer is refusing to allow the em-

---

4. M.C. Welding also argues that the absence of subject matter over the discrimination claims renders the complaint and all amendments nullities. *See generally Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind.2000) ("When a court lacks jurisdiction of the subject matter, its actions are void ab initio and have no effect whatsoever."), *reh'g denied*. The retaliatory discharge claim was raised in an amended complaint. Under Ind. Trial Rule 15(C), "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The retal-

iatory discharge claim arose out of the same conduct or occurrence set forth in the original complaint, and the amendment related back to the date of the original pleading and replaced the original pleading. *See, e.g., Hamlin v. Sourwine*, 666 N.E.2d 404, 408 (Ind.Ct. App.1996) ("[A]n amended pleading replaces the original pleading for all purposes.") (quoting *Anderson v. Anderson*, 399 N.E.2d 391, 406 n. 30 (Ind.Ct.App.1979)). An assertion that the amendment was a nullity ignores the holding of *Austin Lakes*, which provides that the trial court had subject matter jurisdiction over the retaliatory discharge claim even if it did not have subject matter jurisdiction over the discrimination claims.

ployee to return to work—as is the case here. In either case, the employee will receive unemployment benefits—assuming the employee has not been discharged for just cause or voluntarily left his employment without good cause. Lawson alleges Employer attempted to induce her to forego her statutory benefits by firing her when she filed an unemployment compensation claim. However, we cannot find Employer's actions induced her to forego her benefits under the Act. If Lawson files for unemployment benefits because her Employer unjustifiably refuses to allow her to return to work, she has not voluntarily left her employment without good cause and she will receive benefits. If she files a claim for unemployment benefits and her Employer fires her in retaliation, she has not been discharged for "just cause" and again, she will receive benefits. Both parties agree that Lawson is an at will employee and, as such, may be discharged without cause. We find no basis for Lawson's claim that Employer's actions violate public policy and we refuse to recognize an exception to the employment at will doctrine under the facts of this case. The trial court did not err in granting summary judgment in favor of Employer as Lawson has not provided a sufficient factual basis for a wrongful discharge action.

*Id.* (footnote omitted).

We find *Lawson* distinguishable from the instant case. First, unlike *Lawson*, Kotwa was only temporarily laid off from work. The employees were instructed to return to work on January 7, 2002. However, after Kotwa filed a claim for unemployment benefits, M.C. Welding told him that he could not return to work with the other employees.

■ Second, even if *Lawson* was applicable, the parties stipulated that: "[A]n employee who is temporarily laid off from work through no fault of his own is eligible for unemployment compensation if the employee follows the statutory procedures." Appellant's Appendix at 65. Additionally, the trial court instructed the jury that:

It is contrary to the public policy of the State of Indiana and an exception to the at-will employment doctrine for an employer to retaliate against an employee because the employee exercised a statutory right related to the employment relationship.

In Indiana, an employee who is temporarily laid off through no fault of his own has a statutory right to seek unemployment benefits during that lay-off.

An employer may not engage in any action that threatens or otherwise discourages an employee from seeking unemployment benefits.

An employer who retaliates against an employee by denying or refusing that employee rights of employment because the employee has filed for and/or received unemployment benefits commits unlawful retaliation.

If you find from a preponderance of the evidence that defendant [M.C. Welding] has committed unlawful retaliation then your verdict should be for the plaintiff and against the defendant.

*Id.* at 86. M.C. Welding did not object to this instruction and concedes that it "is the law of the case." Appellant's Brief at 21. Thus, M.C. Welding has waived any argument that *Lawson* prevents an employee from claiming retaliatory discharge after being terminated for applying for unemployment benefits. *See, e.g., Coachmen Indus., Inc. v. Dunn*, 719 N.E.2d 1271, 1275 (Ind.Ct.App.1999) (holding that an instruction became the law of the case where the appellant failed to object to it), *reh'g denied, trans. denied.*

### C. *Deprivation of "Right Of" Employment.*

 Lastly, M.C. Welding argues that the evidence was insufficient to show that Kotwa was deprived of a "right of" employment. In reviewing the sufficiency of evidence in a civil case, we will decide whether there is substantial evidence of probative value supporting the trial court's judgment. *Martin v. Roberts,* 464 N.E.2d 896, 904 (Ind.1984). We neither weigh the evidence nor judge the credibility of witnesses but consider only the evidence most favorable to the judgment along with all reasonable inferences to be drawn therefrom. *Id.* "Only if there is a lack of evidence or evidence from which a reasonable inference can be drawn on an essential element of the plaintiff's claim will we reverse a trial court." *Id.*

The instruction regarding retaliatory discharge instructed the jury that "[a]n employer who retaliates against an employee by denying or refusing that employee *rights of employment* because the employee has filed for and/or received unemployment benefits commits unlawful retaliation." Appellant's Appendix at 86 (emphasis added). M.C. Welding contends that the "right to employment" is the right to be employed, which is different from the "right of employment." Appellant's Brief at 21. According to M.C. Welding, a "right of employment" is a benefit or privilege arising out of the employment relationship. M.C. Welding argues that Kotwa failed to present any evidence that he was denied a "right of employment." [5]

 Kotwa responds that "sufficient evidence exist[ed] for the jury to conclude that one of Kotwa's rights 'of' employment with M.C. was the right to return to work in January 2002 following a temporary 2–

week layoff." Appellee's Brief at 27. We agree. The evidence presented at trial demonstrated that on December 20, 2001, Marion Cetera announced a "two-week shutdown" and told his workers to come back on January 7, 2002. Transcript at 170; 209–210. M.C. Welding expected Kotwa to return to work at that time. Kotwa testified that, after he applied for unemployment benefits, Marta Cetera told him that he needed to return his keys to the machine shop and that he would not be permitted to return to work in January. Marta told Kotwa that he could not come back to work because he was sick and because he had applied for unemployment benefits. Marian Cetera admitted during his testimony that he was upset with Kotwa and another employee that applied for unemployment benefits and would not let them return to work because they had applied for unemployment benefits. This evidence is sufficient to show that Kotwa was denied a "right of employment," i.e., the right to return to work following the temporary lay-off.

In summary, we conclude that the trial court had jurisdiction over Kotwa's retaliatory discharge claim and that the evidence was sufficient to sustain the claim. M.C. Welding argues that the jury's verdict should not stand because "it is impossible to determine if the judgment is based on the retaliatory discharge claim or the claims for which subject matter jurisdiction was lacking" and that the verdict is uncertain and ambiguous. Appellant's Brief at 23. However, such an assertion goes against the well-settled principle that "a general verdict will be sustained if the evidence is sufficient to sustain any theory of liability." *PSI Energy, Inc.,* 829 N.E.2d at 950. Because the evidence is sufficient

---

**5.** M.C. Welding also argues that Kotwa was not denied benefits by the failure to provide continuing health insurance, but Kotwa abandoned this claim before the trial.

to sustain the retaliatory discharge claim, the general verdict will be sustained.

For the foregoing reasons, we affirm the judgment in favor of Kotwa and against M.C. Welding.

Affirmed.

RILEY, J., and BARNES, J., concur.